Opinion issued April 28, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01019-CR

———————————

Kevin D. Chaney, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 339th District Court 

Harris County, Texas



Trial Court Case No. 1163128

 



MEMORANDUM OPINION

 

          A jury found Kevin D. Chaney guilty of
capital murder.[1]  The trial court assessed punishment at life
imprisonment.  On appeal, Chaney contends
the State presented factually insufficient evidence to convict him of capital
murder under the theory that he was criminally responsible for the conduct of
another as either a party to the murder under Texas Penal Code section
7.02(a)(2) or a co-conspirator under section 7.02(b).[2] 

          We
affirm.  

Background

          In
June 2006, two men robbed a convenience store owned by Thi Nguyen and his wife
Dung.  On the morning of the robbery, Thi
was stacking beer in the back of the store and Dung was in the front of the
store at the cash register while their 11 year-old son watched TV nearby.  Thi regularly carried a gun while working in
the store.  Two men came into the store
wearing stockings as masks.  The first
man, later identified as Charles Jones, wore a wig and holding a gun went to
confront Thi at the back of the store. 
The second man, Chaney, pushed Dung to the ground behind the register
and demanded money.  The Nguyen’s son ran
across the street to get help from a nearby mechanic’s shop.  Jones shot Thi in the chest and then put the
gun to Dung’s head and demanded money. 
The men drove away from the store in a white car having stolen money
from the register and a bank deposit bag, lottery tickets, and several packets
of cigarettes.  One of the mechanics from
across the street saw the robbers drive away and followed the white car at a
distance.  He saw them park at an
abandoned house and run away on foot, leaving the car.  Thi died at the scene.  

          Law
enforcement officers arrived and investigated the scenes at the convenience
store and the abandoned car.  Detective
Alan Brown found a variety of objects in the grass trailing away from the car
including a baseball hat, 2 stockings, five latex gloves, a polo sweatshirt, a
black wig, a black t-shirt, a pair of stained cargo pants, and a workman’s
style button-up shirt.  Law enforcement
officers showed several of these items to a television crew reporting at the
scene.  Carolyn Mims, the grandmother of
Chaney’s former girlfriend Kendra Bonner, saw the TV report, recognized the
cargo pants and wig as belonging to Bonner, and called the police.  Detective Brown interviewed Bonner and her
family members, who said they were familiar with the items and had seen Chaney
with a lot of cash around the time of the murder, even though he was unemployed.  

Detective Brown interviewed Chaney
while he was in prison for an unrelated crime. 
After informing him of his rights and that he was a suspect in a capital
murder investigation, Detective Brown recorded Chaney’s statement denying any
involvement in the crime.  Detective
Brown then stopped the recorder and told Chaney that DNA evidence linked him to
the scene and Bonner had told law enforcement that he was involved.  After again reading Chaney his rights,
Detective Brown recorded a second statement in which Chaney admitted to being
present at the robbery, knew Jones stopped to get money from the store, and
watched Jones “suit up” in a wig and a hooded sweatshirt.  Chaney stated that he put on gloves so that
he would not leave fingerprints and stayed at the front of the store while
Jones went to the back.  Chaney stated he
heard a gunshot and was trying to calm Dung when she gave him the bank
bag.  He told Detective Brown that Jones
told him Thi had shot himself while trying to pull a gun on Jones.  Chaney denied seeing Jones go into the store
with a gun.  

The State indicted Chaney for
capital murder.  At trial, the State
called Dung, her son, and the mechanic to testify as eyewitnesses to the
robbery.  Dung testified Jones had a gun
clearly visible as he entered the store. 
She stated that the gunshots startled her, but Chaney did not appear
startled at the sound.  She also
testified that Chaney’s behavior did not change and that Chaney continued to
demand money from her after the gun shots and when Jones put the gun to her
head.  The State called several law
enforcement officers to detail their investigation.  The State also presented DNA experts who
testified that Chaney’s DNA matched samples from one of the stockings and a
glove found by the car.  One expert
stated that the possibility of the DNA on the glove belonging to someone other
than Chaney was one in 16 million.  They
also testified that Jones’s DNA appeared on the cargo pants and the work shirt
which were also stained with Thi’s blood. 
Finally, the medical examiner testified that Jones used “extra lethal”
ammunition designed to break apart on impact.

Chaney testified in his own defense
and stated that he lied in his second statement to Detective Brown admitting
his involvement in the crime.  He
testified that Detective Brown promised he would not be prosecuted for capital
murder if he gave evidence implicating Jones. 
He also testified that law enforcement interviewed him an additional
time before January 2008 in which he again denied any involvement in the crime.

The trial court submitted a charge
instructing the jury on capital murder and a lesser-included offense of
aggravated robbery.  The court instructed
the jury that to find Chaney guilty of capital murder they must find beyond a
reasonable doubt that he shot Thi, was a party to the offense, or acted as a
co-conspirator.  The jury found Chaney
guilty of capital murder and the trial court assessed punishment at life in
prison.  Chaney timely appealed.

Sufficiency of the Evidence

          In
two issues, Chaney argues the State presented insufficient evidence to find him
guilty of capital murder as a party to the offense or as a co-conspirator.  

A.      Standard
of Review

When evaluating the sufficiency of
the evidence, we view the evidence in the light most favorable to the verdict
and determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Williams
v. State, 301 S.W.3d 675, 684 (Tex. Crim. App. 2009).  The standard of review articulated in Jackson v. Virginia applies to both
legal and factual sufficiency challenges to the elements of a criminal
offense.  See Brooks v. State, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010); see also Ervin v. State, 331 S.W.3d 49, 52–56 (Tex.
App.—Houston [1st Dist.] 2010, pet. ref’d).  We consider both direct and circumstantial
evidence, and all reasonable inferences that may be drawn from the evidence in
making our determination.  See Clayton v. State, 235 S.W.3d 772,
778 (Tex. Crim. App. 2007).  We do not
resolve any conflicts of fact, weigh any evidence, or evaluate the credibility
of any witnesses, as these are the functions of the trier of fact.  See
Williams, 301 S.W.3d at 684.  

B.      Capital
Murder and Law of Parties

A person commits capital murder by intentionally or
knowingly causing the death of an individual and intentionally commits the
murder in the course of committing or attempting to commit robbery or
aggravated robbery.  See Tex. Penal Code Ann. §§
19.02(b)(1), 19.03(a)(2); Ervin v. State,
333 S.W.3d 187, 200 (Tex. App.—Houston [1st Dist.] 2010, pet. ref’d).  The penal code defines robbery as in the
course of committing theft and with the intent to obtain or maintain control of
the property, a defendant knowingly or recklessly causes bodily injury to
another or intentionally or knowingly threatens or places another in fear of
imminent bodily injury or death.  See Tex.
Penal Code Ann. § 29.02(a) (West 2003); Sholars v. State, 312 S.W.3d 694, 703 (Tex.
App.—Houston [1st Dist.] 2009, pet. ref’d). 
Aggravated robbery is robbery with the use or exhibition of a deadly
weapon and a firearm constitutes a deadly weapon.  See Tex. Penal Code Ann. §§ 1.07(17), 29.02,
29.03 (West 2003 & Supp. 2010); Ervin,
333 S.W.3d at 200.

          The
trial court instructed the jury on three separate theories for capital murder
culpability—a primary actor, a party to
the offense, or a co-conspirator to the offense.[3]  In his second issue, Chaney argues the
evidence is insufficient to support his conviction under the co-conspiracy
theory.  Under the law of parties, the jury could have found
appellant guilty of capital murder if it concluded that the murder was committed
in an attempt to carry out a conspiracy to commit aggravated robbery with a
deadly weapon, and, it was committed in furtherance of the unlawful purpose and
should have been anticipated as a result of the carrying out of the conspiracy regardless
of whether the defendant intended to commit the murder.  See Tex. Penal
Code Ann. § 7.02(b)
(West 2003)); Ervin, 333 S.W.3d at
201; Love v. State, 199
S.W.3d 447, 452 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  The court may look to events occurring
before, during, and after the commission of the offense as evidence of criminal
responsibility under the law of parties. 
Ervin, 333 S.W.3d at 201
(holding that evidence sufficient to convict defendant for capital murder as
co-conspirator when defendant knew of the plan to commit robbery, knew
accomplices had guns, watched them put on masks and hooded sweatshirts, and
returned to pick them up after hearing gun shots).

Chaney asserts that he could not have anticipated that Jones
would kill Thi in the course of the robbery. 
“Evidence that a defendant knew his co-conspirators might use guns in
the course of the robbery can be sufficient to demonstrate that the defendant
should have anticipated the possibility of murder occurring during the course
of the robbery.”  Love, 199 S.W.3d at 453. 
Also, a defendant’s continued participation in the offense is evidence
of culpability as a co-conspirator for capital murder.  See
Trenor v. State, No. 01-09-00191-CR, 2010 WL 5186836, at *8–9 (Tex.
App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) mem. op., not designated for publication) (holding defendant
culpable as co-conspirator for continuing to participate in child abuse,
failing to seek medical attention for child, and assisting in hiding evidence
of child’s murder); Ervin, 333 S.W.3d
at 201–02.  

The jury heard direct and circumstantial evidence indicating
Chaney fully participated in the robbery. 
In his second recorded statement, Chaney told Detective Brown that he
knew Jones stopped at the store to get money and he saw Jones “suit up” in a
wig and hooded sweatshirt.  Chaney
admitted that he put on gloves to avoid leaving fingerprints.  Witnesses stated that Chaney wore a mask
during the robbery and Dung testified that Chaney repeatedly demanded money
from her.  Based on this evidence showing
Chaney’s knowledge and preparation for the robbery, a reasonable jury could
conclude that Chaney had an understanding and common design in committing the
offense with Jones.  See Ervin, 333 S.W.3d at 201–02.

The jury also heard circumstantial evidence indicating
Chaney knew Jones would use a gun in furtherance of the robbery.  Chaney denied in his recorded statement that
he knew Jones carried a gun, but Dung testified that the gun was clearly visible
as Jones entered the store.  She
testified that Chaney did not appear startled by the gun shots and continued to
demand money after the shots.  She also
stated that his behavior did not change when Jones put the gun to her head and
that he again continued to demand money while standing beside her and
Jones.  

Chaney asserts that his trial testimony contradicts his
second recorded statement and also relies on certain facts that he claims show
he did not anticipate the murder.  For
example, he asserts no evidence indicates he knew Jones used “extra lethal”
ammunition, that he knew Thi carried a gun, or he knew Jones to have a
reputation for violence.  He also asserts
that they wore masks indicating an intention to leave witnesses alive after the
robbery.  

The jury, however, determines the weight and credibility to
give the testimony and evidence at trial. 
Williams, 301 S.W.3d at 684.  Chaney’s trial
testimony alone would not be sufficient to render evidence of intent
insufficient.  See Trenor, 2010 WL 5186836, at *10 (citing Sells v. State, 121 S.W.3d 748, 754 (Tex. Crim. App. 2003)).  A reasonable jury relying on Chaney’s second
recorded statement and Dung’s testimony of the obvious use of the gun could
have concluded that Chaney knew that Jones carried a gun and should have
anticipated that it could be used in the course of the robbery.  See
Ervin, 333 S.W.3d at 202; see also Love, 199 S.W.3d at 453.  The
jury also could have concluded that Chaney continued to participate in the
robbery after the gun shots and after Jones put the gun to Dung’s head.  See
Trenor, 2010 WL 5186836, at *8–9;
see also Ervin, 333 S.W.3d at 201
(stating defendant acted as co-conspirator by returning to pick-up accomplices
after hearing gun shots).  Viewing the
evidence in the light most favorable to the jury verdict, we conclude that a
rational fact finder could have found, beyond a reasonable doubt, all the
essential elements of the capital murder under a co-conspiracy theory,
including the anticipation element Chaney specifically challenges.  See
Trenor, 2010 WL 5186836, at *10.  

We overrule Chaney’s second issue.

Conclusion

When the trial court’s charge authorizes the jury to convict
on more than one theory, the guilty verdict will be upheld if the evidence is
sufficient on any one of the theories.  Guevara v. State, 152 S.W.3d 45, 49
(Tex. Crim. App. 2004).  Having found the
evidence to be sufficient to support Chaney’s conviction under one theory of
capital murder culpability, we need not address the remaining two
theories.  See Trenor, 2010 WL
5186836, at *8.  

We affirm the judgment of the trial court.

 

 

 

 

Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Jennings, Higley, and Brown.

Do not publish.   Tex. R. App. P. 47.2(b).











[1]           See Tex. Penal Code Ann.
§§ 19.02(b)(1), 19.03(a)(2)
(West 2003 & Supp. 2010).





[2]           See Tex. Penal Code Ann.
§§ 7.02(a)(2), (b) (West 2003).





[3]           It is undisputed that Jones was the
primary actor and not Chaney.